**Gerald MOORE and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Relators,**

**v.**

**The Honorable Rick MORRIS, Respondent.**

**Gerald MOORE and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Appellants,**

**v.**

**Don GIDDEN, Appellee.**

Nos. 03–96–00092–CV, 03–96–00045–CV.

Court of Appeals of Texas, Austin.

Oct. 9, 1996.

Rehearing Overruled Nov. 13, 1996.

Earl W. Sealy, Paula Ann Jones, Long, Burner, Parks & Sealy, P.C., Austin, for Appellants.

Pat Beard, Beard & Kultgen, Waco, for Appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellee Don Gidden sued Gerald Moore and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively "Merrill Lynch"), appellants, claiming misrepresentations and violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com.Code Ann. §§ 17.41–.63 (West 1987 & Supp.1996). Merrill Lynch filed a plea in abatement and motion to compel arbitration based on account agreements between the parties. The trial court denied both the plea and motion. Merrill Lynch attacks the court's order refusing to compel arbitration in parallel proceedings by seeking mandamus relief under the Federal Arbitration Act (the "FAA") and bringing an interlocutory appeal under the Texas General Arbitration Act (the "TGAA"). Concluding that the trial court abused its discretion by not compelling arbitration, we will conditionally grant the mandamus relief requested. Because our resolution of the mandamus action (cause number 3–96–092–CV) renders moot the issues raised by the interlocutory appeal (cause number 3–96–045–CV), we will dismiss that appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 1991, Gidden executed several agreements in conjunction with opening accounts at Merrill Lynch. Each agreement contained an arbitration clause providing that all controversies between Merrill Lynch and Gidden be resolved by arbitration. Moore was the Merrill Lynch broker who serviced Gidden's accounts.

In 1993, Gidden filed a lawsuit in Bell County claiming misrepresentations and violations of the DTPA. Merrill Lynch moved to abate the lawsuit and compel arbitration based on the prior agreements. In its motion Merrill Lynch asserted the applicability of both the FAA and the TGAA. *See* Federal Arbitration Act, 9 U.S.C.A. §§ 1–16 (West 1970 & Supp.1996); Texas General Arbitration Act, 59th Leg., R.S., ch. 689, § 1, 1965 Tex. Gen. Laws 1593 (Tex.Rev.Civ. Stat. Ann. arts. 224 to 238–20, since repealed and redesignated Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.023 (West Supp.1996)). In November 1994, the court rendered an agreed order abating the case pending the completion of arbitration. Subsequently, neither party took any action to initiate arbitration proceedings.

In April 1995, Gidden filed a motion to set aside the agreed order of abatement, alleging that Merrill Lynch had waived its right to demand arbitration by failing to initiate arbitration proceedings once the case had been abated. In December 1995, the trial court set aside the order of abatement and refused to compel arbitration.

Merrill Lynch attacks the court's order by both interlocutory appeal and petition for writ of mandamus. As required by *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992), Merrill Lynch seeks mandamus relief under the FAA and brings an interlocutory appeal under the TGAA.

## DISCUSSION

■ Once it is established that an agreement exists under the FAA and that the claims raised are within the scope of the agreement, a trial court has no discretion, but must, absent waiver, compel arbitration and stay its proceedings pending arbitration. *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 945 (Tex.1996) (orig.proceeding); *see also Shearson Lehman Bros. v. Kilgore,* 871 S.W.2d 925, 928 (Tex.App.-Corpus Christi 1994, orig. proceeding). Gidden does not dispute the fact that the FAA applies to his agreements with Merrill Lynch and that his claims in the underlying lawsuit are subject to arbitration.

■ Gidden argues instead that Merrill Lynch waived its right to arbitration. His

sole contention is that the party seeking abatement bears the burden of commencing the arbitration and that failure to do so waives the right to arbitration. We disagree. First, consistent with the recognized presumption against waiver of arbitration rights, mere delay by Merrill Lynch does not waive its right to arbitration. *See Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex.1995). More important, the law and applicable arbitration rules place the burden on Gidden, the plaintiff or claimant in this case, to commence the arbitration process.

■ The burden of initiating an arbitration is controlled by the language expressed in the parties' written arbitration agreement. *Mamlin v. Susan Thomas, Inc.* 490 S.W.2d 634, 639 (Tex.Civ.App.-Dallas 1973, no writ). In the present case, the parties' written arbitration agreements specifically provide that any arbitration under the agreements shall be conducted in accordance with the arbitration rules of the selected arbitration forum.[1] In accordance with these agreements, Merrill Lynch requested that Gidden select an arbitration forum. When Gidden did not make a selection within the time required by the agreement, Merrill Lynch selected the National Association of Securities Dealers, Inc. (the "NASD") to hear the dispute. Thus, under the agreements in the present case, the NASD arbitration rules govern who has the burden to initiate the arbitration.

The NASD arbitration rules specify that the burden to initiate the arbitration proceedings and pay the required fee is on the party seeking relief. Section 25(a) of the NASD code provides in pertinent part:

The Claimant shall file with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim and required deposit.... The Statement of Claim shall specify the relevant facts and remedies sought.

N.A.S.D. Manual (CCH) ¶ 3725. In addition, section 25(b) of the NASD code provides that the respondent is required to file an answer to the statement of claim: "The Answer shall specify all available defenses and relevant facts thereto that will be relied upon at the hearing and may set forth any related Counterclaim the Respondent(s) may have against the Claimant...." *Id.*[2] Therefore, the NASD code, under which the parties are to arbitrate this claim pursuant to their agreements, unquestionably provides for the party asserting the claim, *i.e.*, the plaintiff, to initiate arbitration proceedings. *See Nazon v. Shearson Lehman Bros., Inc.*, 832 F.Supp. 1540, 1542 (S.D.Fla.1993).

Because Gidden effectively agreed to abide by the NASD rules in his agreement with Merrill Lynch, and because those rules require the party seeking relief to initiate arbitration, Gidden had the burden to commence arbitration proceedings if he wished to pursue his claims against Merrill Lynch. Otherwise, Gidden, the party seeking relief, could freely litigate in the courts unless Merrill Lynch, the party from whom relief was sought, assumed the burden of initiating arbitration proceedings by paying the required fee and filing a statement of claim describing the relevant facts and the remedies sought. If that were the case, Gidden, as the respondent under the rules, would then be required

1. The arbitration clause in the agreements provides:

    Any arbitration under this agreement shall be conducted only before the New York Stock Exchange, Inc., the American Stock Exchange, Inc. or arbitration facility provided by any other exchange of which Merrill Lynch is a member, the National Association of Securities Dealers, Inc., or the Municipal Securities Rulemaking Board, *and in accordance with its arbitration rules then in force.* The client may elect in the first instance whether the arbitration shall be conducted before the New York Stock Exchange, Inc., the American Stock Exchange, Inc. or other exchange of which Merrill Lynch

    is a member, the National Association of Securities Dealers, Inc. or the Municipal Securities Rulemaking Board, but if the client fails to make such an election, by registered letter or telegram addressed to Merrill Lynch at its main office, before the expiration of five days after receipt of a written request from Merrill Lynch to make such an election, then Merrill Lynch may make such an election.... (Emphasis added.)

2. The relevant provisions of the New York Stock Exchange rules are identical to those of the NASD code. *See* New York Stock Exchange Guide (CCH) ¶ 2612.

to file an answer that raised Merrill Lynch's defenses and counterclaims. *See* NASD Manual (CCH) ¶ 3725, Section 25(b). This scenario is not reasonable and clearly not the design of the rules.

■ Even in the absence of the arbitration clause binding the parties to the NASD rules, however, we believe that Gidden, as the plaintiff, carried the burden of initiating the arbitration. If the parties' intention cannot be discerned from the contract, then the "party seeking relief has the 'laboring oar' [to initiate arbitration] whenever the other party seasonably asserts his right to arbitration." *Mamlin*, 490 S.W.2d at 639. Courts' interest in resolving disputes is furthered by requiring the parties who believe they have cognizable claims to actively pursue those claims. We conclude, therefore, that in the absence of a controlling arbitration clause, the burden rests on the party seeking relief to begin the arbitration process when the other party has properly asserted his right to arbitration.

■ Mandamus will issue only to correct a clear abuse of discretion when the abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Here, the trial court misapplied the law to the facts of this case and thus abused its discretion. *See Tipps*, 842 S.W.2d at 271. A party who is erroneously denied the right to arbitration under the FAA has no adequate remedy at law, and mandamus relief is appropriate. *Cantella*, 924 S.W.2d at 945; *Marshall*, 909 S.W.2d at 900.

### CONCLUSION

Because we hold that the trial court abused its discretion in setting aside the abatement and refusing to compel arbitration, we conditionally grant the writ of mandamus requested in cause number 3–96–092–CV. We direct the trial court to abate the proceedings below and order that Gidden's claims be compelled to arbitration under the Federal Arbitration Act. The clerk is in-

structed to issue the writ only should the trial court fail to do so.

Because the arbitration agreement is enforceable under the Federal Arbitration Act, we do not reach the issues raised in Merrill Lynch's interlocutory appeal concerning the Texas General Arbitration Act.[3] Because the applicability of the Texas Act is a moot issue, we dismiss the interlocutory appeal in cause number 3–96–045–CV.

---

**3.** Under the supremacy clause of the United States Constitution, the FAA preempts all otherwise applicable state laws, including the TGAA.

*See* U.S. Const. art. VI. cl. 2; *BWI Companies, Inc. v. Beck*, 910 S.W.2d 620, 621 (Tex.App.—Austin 1995, orig. proceeding).