BRUCE TERMINIX COMPANY, Relator,

v.

Honorable Bob CARROLL, Judge, County Court At Law, Ellis County, Texas Respondent.

No. 10–97–230–CV.

Court of Appeals of Texas, Waco.

Oct. 15, 1997.

Roy Stacy, Calhoun & Stacy P.C., Dallas, for Relator.

Ross Massengill, McCarty, Wilson & Mash, Ennis, for Real Party in Interest.

Bob Carroll, Waxahachie, for Respondent.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

In this original proceeding, the Relator, Bruce Terminix Company, seeks a writ of mandamus to require the trial court to submit the dispute to arbitration. We decline to issue the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

This original proceeding stems from a contract dispute between Terminix, the defendant in the underlying suit, and Kay Bates, the plaintiff. In 1990, Bates entered into a contract with Terminix in which Terminix agreed to protect Bates' home from termites. The contract contained the following provision:

10. ARBITRATION. The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits.

Alleging fraud, negligent misrepresentation, breach of contract, and violations of the Texas Deceptive Trade Practices Act, Bates filed suit against Terminix in April 1994. Terminix timely answered Bates' suit and propounded 18 interrogatories and 19 requests for production to Bates, which Bates answered. Additionally, several Terminix offi-

cials inspected Bates' home in May 1994.[1] In August 1994, Terminix filed a motion to abate the suit and to compel arbitration. Bates contested the motion, and the trial court, with Judge Al Scoggins presiding, held a hearing on the motion on September 26, 1994. During this hearing, Judge Scoggins found that the contract involved interstate commerce and orally granted Terminix's motion to compel arbitration, instructing the parties to submit a written order for his signature.[2] A written order was never signed by Judge Scoggins because the parties could not reach an agreement as to the contents of the order.

No further action was taken until November 12, 1996, when the trial court, with Judge Carol Bush presiding, held a hearing on Bates' motion to vacate Judge Scoggins' order compelling the parties to arbitration. The record indicates that Judge Bush took the parties' arguments under advisement but never ruled on the motion.

Bates filed yet another motion to abate the order of arbitration in November 1996. The trial court, with a third judge, Judge Bob Carroll, presiding, held a hearing on Bates' motion on February 13, 1997. At this hearing, Bates conceded the contract between her and Terminix was subject to arbitration but maintained her contention that Terminix had waived its right to arbitration by initiating discovery and by perpetuating a lengthy delay in having the dispute arbitrated after Judge Scoggins had so ordered. Judge Carroll, after hearing both sides' preliminary arguments as to whether Terminix had waived its right to arbitration, made no ruling and continued the hearing until March 13, 1997. On March 13, both Terminix and Bates continued their arguments in support of their respective positions, and after further briefing by the parties on the issue of whether Terminix had waived its right to arbitrate Bates' claims against it, Judge Carroll entered the order, which is the subject of

this original proceeding, denying Terminix's motion to compel arbitration and vacating Judge Scoggins' previous order which had granted Terminix's motion.

In its petition, Terminix alleges that Judge Carroll abused his discretion by vacating the order orally entered by Judge Scoggins in September 1994 which granted Terminix's motion to compel arbitration. Terminix contends it did not waive its right to arbitration by initiating the discovery process or by inspecting Bates' home prior to filing its motion to compel arbitration. Furthermore, despite Bates' contention to the contrary, Terminix maintains that the 34–month delay since Judge Scoggins ordered the parties to arbitration was not its fault and that the failure to proceed to arbitration does not constitute waiver.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when the relator has satisfied the two-prong test set forth by the Texas Supreme Court in *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). *Walker* requires that for a relator to be entitled to the relief of mandamus, the relator must show that (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *Id.* at 839–40; *see Metropolitan Property and Liab. Ins. Co. v. Bridewell*, 933 S.W.2d 358, 360 (Tex.App.—Waco 1996, orig. proceeding). Without such a showing, this court has no power to issue a writ of mandamus. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding).

In analyzing whether a clear abuse of discretion occurred at the trial court level, we must first determine whether a factual or legal issue is at dispute. *See City of Lubbock v. Hancock*, 940 S.W.2d 123, 125 (Tex.App.—Amarillo 1996, orig. proceeding); *see also Walker*, 827 S.W.2d at 839–40. If the resolu-

1. The record indicates that this inspection was agreed to by both parties prior to the filing of the lawsuit.

2. At the September 26, 1994 hearing before Judge Scoggins, Terminix introduced sufficient evidence to prove that the contract between Ter-

minix and Bates involved interstate commerce. Bates did not controvert this evidence, and Judge Scoggins found that the contract did affect interstate commerce, thereby bringing the arbitration agreement within the scope of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1970).

tion of a factual matter is at dispute, then we, as a reviewing court, may not substitute our judgment for that of the trial court, and the relator has the burden of showing that the trial court could have reasonably reached only one decision. *See Walker,* 827 S.W.2d at 839–40; *Johnson,* 700 S.W.2d at 917–18. Whereas when a question of law is in dispute, we are allowed to be much less deferential to the trial court's decision "because the trial court has no 'discretion' in determining what the law is or in applying the law to the facts." *Hancock,* 940 S.W.2d at 125 (citing *Walker,* 827 S.W.2d at 840).

## WAIVER OF ARBITRATION

Whether a party has waived its right to compel arbitration is a question of law. *Central Nat. Ins. Co. of Omaha v. Lerner,* 856 S.W.2d 492, 494 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *Marble Slab Creamery, Inc. v. Wesic, Inc.,* 823 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Transwestern Pipeline Co. v. Horizon Oil & Gas Co.,* 809 S.W.2d 589, 592 (Tex.App.—Dallas 1991, writ dism'd w.o.j.); *see Frye v. Paine, Webber, Jackson & Curtis, Inc.,* 877 F.2d 396, 398 (5th Cir.1989); *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1163 (5th Cir.1986). Consequently, we must determine if the trial court properly analyzed and applied the law when it found that Terminix had waived its right to arbitration and vacated the 1994 order compelling Terminix and Bates to arbitration.

Bates argues that Terminix waived its right to arbitration by (1) substantially invoking the discovery process to her detriment and (2) by delaying almost three years after having an order from the trial court compelling the parties to arbitration. In his order, Judge Carroll addressed only Terminix's waiver based on its invoking the discovery process to Bates' detriment. The order is silent as to whether Judge Carroll believed Terminix had waived its right to arbitration based on its failure to proceed to arbitration and carry out Judge Scoggins' order.

Notwithstanding the reason stated in the trial court's order, we will uphold the order on any ground which is supported by the record. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Guaranty County Mut. Ins. Co. v. Reyna,* 709 S.W.2d 647, 648 (Tex.1986). In the context of a mandamus proceeding, we focus on the result reached by the trial court rather than the reasons stated in the order. *Luxenberg v. Marshall,* 835 S.W.2d 136, 142 (Tex.App.— Dallas 1992, orig. proceeding). "A trial court cannot abuse its discretion if it reaches the right result, even for the wrong reasons." *Id.* Because we agree that Terminix's failure to proceed to arbitration and carry out the trial court's 1994 order to arbitrate resulted in Terminix's waiving its right to arbitration, we need not address Bates' first contention.[3]

Our sister courts in Dallas and Austin have held that the burden of initiating arbitration is controlled by the language expressed in the written arbitration agreement and that absent unequivocal language placing the burden on the party seeking to compel arbitration, the party seeking affirmative relief, *i.e.,* the plaintiff, bears the "laboring oar" to further the arbitration process whenever the other party seasonably asserts his right to contractual arbitration. *Moore v. Morris,* 931 S.W.2d 726, 729 (Tex.App.—Austin 1996, orig. proceeding); *Mamlin v. Susan Thomas, Inc.,* 490 S.W.2d 634, 639 (Tex.Civ.App.— Dallas 1973, no writ). We agree with the *Moore* and *Mamlin* opinions to the extent they stand for the rule that the language of the arbitration provision is controlling as to which party carries the burden of initiating arbitration. *Id.* We disagree, however, with these holdings where they mandate that, in the absence of any burden-placing language, the plaintiff must carry forward a claim to arbitration. We find this reasoning illogical in that it places the onus of proceeding to arbitration on the very party who may be seeking to avoid it. It should therefore be the burden of the party who desires to have the dispute resolved through arbitration to carry forward and, once arbitration has been

---

3. We are not to be read as holding that Terminix's actions of initiating the discovery process and inspecting Bates' home prior to asserting its right to arbitration would not constitute waiver. We simply do not address this issue.

ordered, have the dispute arbitrated in a timely manner.

■ By not bringing the dispute to arbitration for nearly three years after Judge Scoggins granted its motion to compel arbitration, Terminix failed to timely initiate the arbitration process. Therefore, we cannot say that Judge Carroll abused his discretion in concluding that Terminix waived its right to arbitrate Bates' claim.

■ Furthermore, in the context of a mandamus proceeding, the party seeking the extraordinary relief bears the burden of providing us sufficient information establishing his entitlement to the relief requested. *See Walker*, 827 S.W.2d at 837. The arbitration provision contained in the contract between Terminix and Bates specifically provides that should a need for arbitration arise between Bates and Terminix, such arbitration "shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association." Terminix has not provided this court with the Commercial Arbitration Rules; therefore, to find that Bates carried the burden of initiating arbitration would require speculation about these rules. Bearing in mind that we have been asked to determine if the trial court abused its discretion in denying Terminix's motion to compel arbitration, we will not indulge in presumptions to reach such a conclusion. We therefore deny Terminix's petition for writ of mandamus.