**In re BRUCE TERMINIX COMPANY, Relator,**

No. 98–0030.

Supreme Court of Texas.

June 5, 1998.

Roy L. Stacy, Dallas, for Relator.

Joe Ross Massengill, Ennis, for Respondent.

PER CURIAM.

This is an original proceeding seeking relief from the denial of a plea in abatement and motion to compel arbitration. Because the trial court abused its discretion in finding that relator waived arbitration and because relator has no adequate remedy by appeal, we conditionally grant the petition for writ of mandamus.

In 1990, Kay Bates contracted with relator Bruce Terminix Company for residential termite extermination services. The contract contained an arbitration clause.[1] After Terminix failed to rid Bates's house of termites, she filed suit against Terminix on February 28, 1994. Bates alleged fraud, negligent misrepresentation, breach of contract, and Deceptive Trade Practices Act violations, and she asked the court to reform the contract.

Terminix answered the suit and sent Bates requests for production and interrogatories, which she answered. On August 8, 1994, Terminix moved to abate the action and compel arbitration. At a hearing on September 26, 1994, the trial court orally granted the motion and asked Terminix to prepare a written order. But the parties could not agree on wording and the trial court never signed an order.

Almost a year and a half later, on March 1, 1996, Bates wrote to Terminix requesting its

assistance in arranging for the American Arbitration Association ("AAA") to arbitrate the case. After some additional correspondence, Bates sent Terminix a completed AAA Submission to Dispute Resolution form, and on July 5, 1996, Terminix signed the form and returned it to Bates. Because the parties disagreed over who would pay the filing fee, the form was never filed with the AAA.

On September 20, 1996, Bates moved to vacate the 1994 oral order compelling arbitration. At three hearings on the motion, Bates argued that Terminix had waived its right to enforce the arbitration clause. In an order dated July 21, 1997, the court granted Bates's motion, denied Terminix's original 1994 motion to compel arbitration, and set the case for trial. The court made a finding of fact that Terminix had waived its right to compel arbitration and was "in default in proceeding with ... arbitration" under the Federal Arbitration Act, 9 U.S.C. § 3, because it had substantially invoked the judicial process to Bates's detriment through its use of discovery in 1994.

Terminix sought mandamus from the court of appeals. The court of appeals denied Terminix's petition on an alternative ground which had been argued but not ruled on in the trial court: that Terminix had waived its rights by failing to initiate arbitration after the trial court granted its motion to compel arbitration on September 26, 1994. 953 S.W.2d 537, 540–41. Terminix now seeks mandamus from this Court.

 This Court will grant mandamus when a trial court has clearly abused its discretion and the relator has no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). An error in determining what the law is or applying the law to the facts constitutes an abuse of discretion. *See id.* at 840. Whether a party's conduct waives its arbitration rights un-

---

1. The clause reads in full:

 10. ARBITRATION. The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbi-

 tration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision.

der the Federal Arbitration Act is a question of law. *See Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir.1986). There is no adequate remedy by appeal for denial of the right to arbitrate, because the very purpose of arbitration is to avoid the time and expense of a trial and appeal. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992).

The Federal Arbitration Act requires courts [2] to stay lawsuits involving arbitrable issues pending arbitration, "providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. In applying this provision, courts commonly use the term "waiver" rather than the statutory term "default." *See Morewitz v. West of Eng. Ship Owners Mut. Protection & Indem. Ass'n*, 62 F.3d 1356, 1365 n. 16 (11th Cir.1995). Because public policy favors arbitration, however, the Act imposes a strong presumption against waiver. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex.1996); *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). Courts will not find that a party has waived its right to enforce an arbitration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent's detriment. *See Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir.1991); *EZ Pawn*, 934 S.W.2d at 89.

Terminix's use of the judicial process was limited to filing an answer and propounding one set of eighteen interrogatories and one set of nineteen requests for production.[3] Terminix moved to abate the judicial proceedings and compel arbitration less than six months after Bates filed suit. The Fifth Circuit has held that a party may invoke court processes to a comparable or even greater extent than this without waiving its arbitration rights. *See J.C. Bradford*, 938 F.2d at 576–78 (finding no waiver by defendant who removed case from state to federal court, participated in scheduling and discovery conferences, and propounded two sets of written discovery one of which was answered). Terminix did not seek a judicial resolution of its dispute with Bates. *Compare J.C. Bradford*, 938 F.2d at 577–78 (finding no waiver and noting that defendant "did not ask the court to make any judicial decisions, for example, by requesting summary judgment"), *with Frye v. Paine, Webber, Jackson & Curtis, Inc.*, 877 F.2d 396, 398 (5th Cir.1989) (party who participated in trial waived arbitration); *Price*, 791 F.2d at 1162 (party who moved for summary judgment waived arbitration); *and Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497–98 (5th Cir.1986) (party who filed multiple lawsuits waived arbitration). Thus, this is not a case in which a party who has tried and failed to obtain a satisfactory result in court then turns to arbitration.

Even substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result. *See Prudential*, 909 S.W.2d at 898–99. The trial court concluded that Bates was prejudiced by Terminix's use of discovery. Although prejudice may result when a party uses judicial processes to gain access to information that would not have been discoverable in arbitration, *see J.C. Bradford*, 938 F.2d at 578 n. 3, this case falls under the rule that "when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice." *Tenneco Resins, Inc. v. Davy Int'l*, 770 F.2d 416, 421 (5th Cir. 1985). The fact that Bates responded to one set of requests for production does not estab-

---

**2.** Although section 3 of the Act mentions only "courts of the United States," it applies to state as well as federal courts. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 34, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

**3.** Bates also points out that Terminix's experts inspected and tested her house in May 1994, three months into the litigation. However, Terminix did not obtain the inspection through the judicial process. Instead of filing a request to inspect land with the trial court, *see* Tex.R. Civ. P. 167(1), Terminix simply sent Bates a letter stating, "Please let me know if you will agree to allow [Terminix] to [inspect the house] or whether I need to file a Motion with the Court"; Bates then consented to the inspection.

lish prejudice because AAA rules allow arbitrators to arrange for "production of relevant documents and other information." AMERICAN ARBITRATION ASS'N, COMMERCIAL ARBITRATION RULES Rule 10 (1996). Bates also answered Terminix's interrogatories, but the only substantive facts her response provided were a list of persons with knowledge of facts relevant to the dispute and a list of communications between herself and Terminix. Whether or not Terminix would have been able to obtain this information under AAA procedures, it falls short of the level of discovery that courts have held waives the right to arbitrate. *See Zwitserse Maatschappij van Levensverzekering en Lijfrente v. ABN Int'l Capital Markets Corp.,* 996 F.2d 1478, 1480 (2d Cir.1993) (deposition-like witness hearing conducted under foreign law); *St. Mary's Med. Ctr. v. Disco Aluminum Prods.,* 969 F.2d 585, 591 (7th Cir.1992) (depositions).

Bates has not carried the "heavy burden of proof" required to establish waiver of arbitration rights. *See J.C. Bradford,* 938 F.2d at 577. The court must resolve any doubt in favor of arbitration. *See Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. 927. Under this standard, the trial court abused its discretion by holding that Terminix's 1994 participation in the lawsuit waived its right to enforce the arbitration clause.

We now turn to the court of appeals' alternative rationale for denying Terminix's petition for mandamus. The court of appeals held that as the party seeking to resolve the dispute by arbitration rather than in court, Terminix had the burden to arrange for arbitration of Bates's claims against it. 953 S.W.2d at 540–41. Thus, the court of appeals reasoned, Terminix waived its rights by failing to initiate arbitration after the trial court granted its motion to abate the suit and compel arbitration in September 1994. *Id.* That conclusion conflicts with the decisions of two other courts of appeals holding that un-

less the parties contract otherwise, the burden to initiate arbitration rests on the plaintiff as the party seeking relief. *See Moore v. Morris,* 931 S.W.2d 726, 729 (Tex.App.—Austin 1996, orig. proceeding); *Mamlin v. Susan Thomas, Inc.,* 490 S.W.2d 634, 639 (Tex.Civ. App.—Dallas 1973, no writ).[4]

This Court has never squarely addressed the question of who has the burden to go forward with arbitration after a trial court grants a defendant's motion to compel arbitration. However, we tacitly endorsed *Moore* and *Mamlin*'s result in *Prudential Securities, Inc. v. Marshall,* 909 S.W.2d 896 (Tex.1995). The plaintiffs in *Prudential* argued that the defendant had waived the right to arbitration by a number of actions, including its failure to pursue arbitration of certain claims that the trial court had ruled were subject to arbitration. *See Prudential,* 909 S.W.2d at 898. Noting that mere delay does not waive a party's arbitration rights, we held that there was no waiver. *See id.* at 898–99.

 According to the court of appeals, it would be "illogical ... [to] place[ ] the onus of proceeding to arbitration on the very party who may be seeking to avoid it." 953 S.W.2d at 540. But placing the burden on the party against whom relief is sought would lead to an even stranger reversal of the litigants' proper roles. "It is antithetical to the interests of such a party to itself initiate a proceeding, be it a court suit or arbitration, that would expose it to the risk of liability." *Gold Coast Mall, Inc. v. Larmar Corp.,* 298 Md. 96, 468 A.2d 91, 100 (1983). "If no arbitration clause existed, [the plaintiff] would have had the task and expense of initiating suit; she could not have required the [defendant] to sue itself. The rule is the same with arbitration substituted for suit: the party seeking relief is the one who must go forward with arbitration proceedings." *Johnson v. Fireman's Fund Ins. Co.,* 272 N.W.2d 870, 882 (Iowa 1978) (Uhlen-

4. *Accord Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.,* 70 F.2d 297, 299 (2d Cir. 1934) (Learned Hand, J.), *aff'd,* 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935); *Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d 928, 930 (Colo.1990); *Gold Coast Mall, Inc. v. Larmar Corp.,* 298 Md. 96, 468 A.2d 91, 97–101 (1983); *Lane–Tahoe, Inc. v. Kindred Constr. Co.,* 91 Nev. 385, 536 P.2d 491, 494 (1975); *Tothill v. Richey Ins. Agency, Inc.,* 117 N.H. 449, 374 A.2d 656, 658 (1977); 1 DOMKE, DOMKE ON COMMERCIAL ARBITRATION § 19:06 (rev. ed.1997); 1 OEHMKE, COMMERCIAL ARBITRATION § 27:02 (rev. ed.1995).

hopp, J., dissenting). We therefore hold that absent a contrary agreement, a party against whom a claim is asserted does not waive its right to arbitrate by failing to initiate arbitration of that claim.

Although the parties may choose to contract around this default rule and require the party against whom relief is sought to initiate arbitration, *see Mamlin,* 490 S.W.2d at 639, Bates and Terminix did not do so. Their contract states that the AAA's Commercial Arbitration Rules shall govern. Those rules define "the initiating party" as the "claimant" and provide that the claimant shall initiate arbitration through a "demand" containing "a statement setting forth "the nature of the dispute, the amount involved, ... [and] the remedy sought." AMERICAN ARBITRATION ASS'N, COMMERCIAL ARBITRATION RULES Rule 6(a) (1996). Moreover, the party who files a claim must pay a filing fee that varies based on the amount of the claim. *Id.* at 27. The duty to define the nature of the dispute and the remedy as provided by AAA Rule 6(a) "naturally and logically falls on the claimant." *Mamlin,* 490 S.W.2d at 639. It would be anomalous to require the party against whom relief is sought to present its opponent's case and pay a filing fee whose amount is based on the size of its opponent's claim. "This scenario is not reasonable and clearly not the design of the rules." *Moore,* 931 S.W.2d at 728–29 (discussing National Association of Securities Dealers rules). By agreeing to the AAA rules, Terminix and Bates placed the burden of initiating arbitration on the party seeking relief.

\* \* \*

Under Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we conditionally grant Bruce Terminix Company's petition for writ of mandamus. We are confident that the trial court will abate Bates's lawsuit pending arbitration in accordance with this opinion and we instruct the clerk to issue the writ only if it does not.