In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-479 CV


____________________



IN RE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL, Relators






ORIGINAL PROCEEDING






OPINION



 In this original proceeding, Relators -- Certain Underwriters at Lloyd's, London,
and other British and European insurance companies (collectively referred to as BES) --
petition this court for a writ of mandamus and a writ of prohibition. The underlying suit
arose from a contract BES entered into with Bristol-Myers Squibb Company, Inc. and
Medical Engineering Corporation (collectively referred to as "BMS") in 1991 to provide
BMS with comprehensive general liability insurance. 

 In the writ of mandamus portion of its petition, BES seeks an order directing Judge
James Mehaffy, presiding judge of the 58th District Court, of Jefferson County, Texas,
to vacate his oral order setting a trial on rescission-related attorney's fees for December
17, 2001, and his September 12 order referring the rescission-related attorney's fees case
to mediation; in the request for a writ of prohibition, BES seeks an order "barring [Judge
Mehaffy] from conducting any proceedings other than a hearing on the parties' summary
judgment motions and the entry of an order of judgment in connection with the December
1998 trial proceedings on the rescission issues." We deny BES's petition.

 The mandamus standard is well established. Mandamus is an extraordinary remedy
available only when there is an abuse of discretion and no adequate appellate remedy. See
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). "An error in determining what
the law is or applying the law to the facts constitutes an abuse of discretion." In re Bruce
Terminix Co., 988 S.W.2d 702, 703 (Tex. 1998). The Texas Supreme Court has held
"[t]here is no adequate remedy by appeal [under the Federal Arbitration Act] for denial of
the right to arbitrate. . . ." Id. If BES is correct in contending that the underlying fact
issue relating to the attorney's fees in the rescission case should be sent to the arbitration
proceeding in London, then BES has no adequate remedy by appeal. 

 In December 1998, rescission issues in the case were tried to a jury, and a verdict
was rendered in favor of BMS on those issues. Following the trial on the rescission
question, the trial judge set the case for trial on the contract issues; based on the arbitration
provision in the contract, BES filed a petition for writ of mandamus in this court. See In
re Certain Underwriters at Lloyd's, 18 S.W.3d 867, 869 (Tex. App.--Beaumont 2000,
orig. proceeding). In this court's opinion of May 18, 2000, the trial court was instructed
to refer the contract issues to arbitration. See id. at 877. This court's opinion 
distinguished between the rescission issues, which the opinion described as "non-arbitrable," and the contract issues, which were characterized as "arbitrable." Id. at 876. 
In compliance with our holding in that opinion, the trial court ordered the parties to
"proceed to arbitration under the terms of the BES insurance contract with respect to all
their contractually-related claim[s] and defenses[.]" 

 The present issue before the trial court concerns BMS's claim for rescission-related
attorney's fees. In the mandamus petition, BES informs us that "[t]he parties agreed to
posture Bristol-Myers' claim for attorneys [sic] fees on purely legal grounds, with Bristol-Myers compromising its claims for attorney's fees by nearly [15%] and [BES's] agreeing
that that figure represented the reasonable cost of necessary services in connection with the
rescission litigation." The parties filed competing motions for summary judgment, which
the trial judge heard and implicitly denied on September 11, 2001, when he provisionally
set the issue for trial on December 17, 2001. At the hearing on the motions for summary
judgment, the trial judge indicated his belief that a fact issue must be resolved by a jury
prior to a decision on the legal issues submitted to the court. For that reason, the trial
court set the fact issue for trial in December 2001 and also ordered the parties to
mediation.

 In its mandamus petition, BES claims the fact issue of "good faith," as it relates to
the attorney's fee issue, is contractual in nature and belongs in the London arbitration
proceeding. However, this contention flies in the face of BES's express position in the
September 11 hearing. There, BES's attorneys indicated that the "attorneys' fees are part
and parcel of the rescission case[,] " and that "[t]he sole purpose of entering into this
agreement was to permit the Court here to enter a judgment so we could proceed with the
appeal." Furthermore, BES asserted to the trial court that under New York law,
attorney's fees would not be recoverable without a showing of some sort of unreasonable
or bad faith conduct. What BES disagrees with is the trial court's decision to have a jury
decide the fact issue that the trial judge believes is subsumed within the legal issue. By its own admission, BES agreed to place the issue of rescission-related attorney's
fees before the trial judge for his determination on legal grounds. The trial judge's
conclusion that, in order to make a determination of the legal issue, he must first obtain
a jury verdict on a fact issue related to the legal question does not change the posture of
the case. Once the factual issue is resolved, the trial court will be in a position to
complete the task the parties placed before him, namely to resolve the rescission-related
attorney's fee issue and enter a judgment on the rescission jury verdict. 

 The trial judge has limited his consideration to the attorney's fees related to the
rescission claim already tried in his court, and rightfully so; (1) "all their contractually -related claims and defenses" have been referred to arbitration. BES admits it agreed to
submit to the trial court the legal issues concerning BMS's entitlement to rescission-related
attorney's fees. BES further admits the agreement included a stipulation of the amount of
the attorney's fees, which included the agreed 15% reduction by BMS of its claim. By
entering into the agreement to submit the legal issues to the trial court and by filing its own
motion for summary judgment, to which BMS responded, BES necessarily invoked the
jurisdiction of the trial court to determine the fact issue the trial court believes necessarily
underlies the legal issues. See generally In re Bruce Terminix Co., 988 S.W.2d at 704;
see also Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1162 (5th Cir. 1986). 

 We do not find an abuse of discretion for which there is no legal remedy. The
petition for writ of mandamus and writ of prohibition is denied. The temporary stay order
entered October 23, 2001, by this court is lifted.

 PETITION FOR WRIT OF MANDAMUS AND WRIT OF PROHIBITION 
DENIED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on November 7, 2001

Opinion Delivered November 16, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In quoting from the record of the September 11, 2001, hearing, BES raises the
question of whether the trial court may be "attempting to circumvent the entire arbitration
process" by considering contract issues properly before the London arbitration. BMS
characterizes some of the trial court's comments as "musings" from the bench. In view
of our prior opinion and the trial court's order referring the contract issues to arbitration,
we are confident the trial court will not wander into contract issues, but rather will restrict
any issues submitted to the jury to those that are before it.