In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00313-CV


____________________



IN RE YAMAHA MOTOR CORPORATION, U.S.A., 


YAMAHA MOTOR MANUFACTURING CORPORATION 


OF AMERICA, and YAMAHA MOTOR CO., LTD.






Original Proceeding






MEMORANDUM OPINION


 In this petition for writ of mandamus, relators Yamaha Motor Corporation, U.S.A.,
Yamaha Motor Manufacturing Corporation of America, and Yamaha Motor Co., Ltd.
contend the trial court abused its discretion by denying their motion to compel arbitration and
to stay the underlying litigation. 

 The underlying action is a suit for wrongful death and products liability filed by real
parties in interest Johnny Ray, individually and as representative of the estate of Foerst Eddie
Ray, Deceased; Dawn Willis as Natural Mother of Foerst Eddie Ray, Deceased. Real parties
filed suit on November 5, 2007, and the case is currently set for trial on August 17, 2009.
Real parties in interest claimed that the Rhino utility vehicle their son was riding when he
sustained fatal injuries was defectively designed and manufactured, and they asserted claims
for products liability, strict liability, negligence, breach of warranty, and misrepresentation. 

 Relators assert that Johnny Ray's agreement to purchase the Rhino includes both an
order form and a financing agreement. The financing agreement contains an arbitration
clause. On June 1, 2009, relators filed a motion to compel arbitration and motion for stay. 
The real parties in interest filed a response, in which they contended, among other things, that
relators had waived arbitration and had substantially invoked the judicial process. On June
30, 2009, the trial court signed an order denying relators' motion to compel arbitration and
motion for stay, and relators then filed this original proceeding. 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when that abuse cannot be remedied by appeal. In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). The Supreme Court has explained that a party may waive arbitration if it substantially
invoked the judicial process and the party opposing arbitration suffered prejudice as a result. 
In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998); see also Perry Homes v. Cull,
258 S.W.3d 580, 593-94 (Tex. 2008). Factors to consider in determining whether a party has
waived arbitration include, among other things: whether the movant chose to file suit; how
long the movant delayed before seeking arbitration; whether the movant knew of the
arbitration clause all along; how much pretrial activity related to the merits rather than
arbitrability or jurisdiction; how much time and expense had been incurred in litigation;
whether the movant sought or opposed arbitration earlier in the case; whether the movant
filed affirmative claims or dispositive motions; and when the case was to be tried. Perry
Homes, 258 S.W.3d at 591-92. 

 In this case, substantial discovery has been completed, and the case is currently set for
trial on August 17, 2009. Although relators averred that they did not learn of the arbitration
clause until May of 2009, the trial court was not required to accept this assertion. The record
suggests that the document was provided earlier in discovery, and given the nature of the
document, the trial court may reasonably have concluded that relators were aware of the
document all along. After reviewing the mandamus record and petition and considering the
factors set forth in Perry Homes, we conclude that there is evidence which, if believed by the
trial court, established that relators waived arbitration. Therefore, relators have not
demonstrated an abuse of discretion by the trial court for which there is no adequate remedy
by appeal. Accordingly, we deny the petition for writ of mandamus. Likewise, we deny
relators' motion for temporary relief.

 PETITION DENIED; MOTION FOR TEMPORARY RELIEF DENIED.

 PER CURIAM

Opinion Delivered July 16, 2009

Before McKeithen, C.J., Gaultney and Kreger, JJ.