Keyes, J., dissenting.
DISSENTING OPINION
Evelyn V. Keyes, Justice
I respectfully dissent from the majority opinion denying Vantage Drilling International's (Vantage's) petition for writ of mandamus, which requests that we direct the trial court to vacate its order compelling arbitration in this case. The majority opinion effectively annuls the important procedural protection of waiver of the right to arbitrate by substantial litigation conduct.
The majority opinion fails even to acknowledge, much less to apply, the test of waiver of the right to arbitrate by substantial litigation conduct established by the Texas Supreme Court in Perry Homes v. Cull[1] and reaffirmed in Henry v. Cash Biz, LP.[2] The majority then effectively annuls this important procedural right by concluding that Vantage has an adequate remedy by appeal. I would hold that Vantage has demonstrated just the opposite. By approving the trial court's order sending this case to arbitration, the majority allows the real party in interest to take the spoils of its abusive discovery practices over almost a year and its insight into the trial court's skeptical perception of its case gained through litigation conduct into its newly-sought arbitration proceedings, thereby avoiding the trial court's ruling on Vantage's motion for partial summary judgment filed against it and creating a new playing field.
As this case satisfies every factor of the Perry Homes and Henry test for waiver of arbitration by litigation conduct, and as Vantage has shown that it lacks an adequate remedy by appeal, I conclude that compelling arbitration of this case violates important substantive and procedural rights of the respondent that cannot be protected through any other legal mechanism than reversal of the trial court's order. I would hold that Vantage has shown a clear abuse of discretion by the trial court. Therefore, I would grant the petition.
Background
Martinez Partners, a law firm, represented Vantage in a Foreign Corrupt Practices Act investigation and related matters, but the engagements were terminated, and Vantage hired a new law firm. Vantage did not pay some of Martinez Partners' legal fees, so Martinez Partners sued Vantage and related entities (collectively, "Vantage") on a sworn account. The *641 parties' engagement agreements contained arbitration clauses.
Martinez Partners-the movant below for arbitration-filed suit against Vantage in Harris County district court. Vantage answered and counterclaimed for breach of contract, breach of fiduciary duty, and money had and received.
The parties litigated for eleven months, including engaging in extensive document discovery into the lawsuit's merits. Martinez Partners amended its pleadings twice, propounded extensive written discovery, and pursued numerous motions to compel additional discovery. It also added an individual defendant and then nonsuited that defendant in response to a motion to dismiss, and it sought discovery on the motion to dismiss. It later sought sanctions against Vantage's counsel in connection with the dismissed claim. It served ten sets of merits-based written discovery on each of the three defendants. It attempted to avoid providing reciprocal discovery in response to Vantage's requests by disclaiming any obligation to search its principal's email account for communications responsive to Vantage's requests for production, and it rejected Vantage's request to make that principal available to be deposed. Only after an oral ruling from the trial court did Martinez Partners produce communications responsive to Vantage's requests.
At one point, Martinez Partners moved to compel the production of billing information about Vantage's new attorneys. During a hearing on that motion-Martinez Partners' second motion to compel-the key issue in the case arose: whether Texas law provides an offset to Martinez Partners' claims for unpaid invoices based on what Vantage claimed was the undisputed and undisclosed mark-up of almost half a million dollars that Martinez Partners had applied to third-party charges invoiced to Vantage. The trial court expressed doubt about Martinez Partners' legal position, telling Martinez Partners' counsel that "that will be real interesting at trial because in that case, I think you may have a problem.... That's going to be interesting if y'all try it, an interesting issue." Vantage soon thereafter filed a motion for partial summary judgment on its cause of action for breach of fiduciary duty.
Martinez Partners then filed a motion to compel arbitration under both Texas and federal arbitration statutes. Vantage responded, arguing that Martinez Partners had waived arbitration either explicitly, in comments it made to the trial court, or impliedly, by having substantially invoked the litigation process instead of seeking to initiate arbitration. While that motion was pending, Martinez Partners continued to press Vantage for supplemental document production and served more production requests. After the trial court heard preliminary argument on the arbitration issue, Martinez Partners served yet another set of production requests on Vantage.
The trial court ordered that the parties arbitrate all claims that had been asserted in the lawsuit and stayed the lawsuit pending the arbitration's outcome. Vantage petitioned for a writ of mandamus, and Martinez Partners responded. Vantage claims it spent almost $110,000 on Martinez Partners' discovery and incurred approximately $195,000 in legal fees in litigation prior to the trial court's order compelling arbitration.
Analysis
Vantage contends in its petition for a writ of mandamus that Martinez Partners waived the right to arbitrate by its conduct in litigation and that an appeal after a final judgment is inadequate to review its waiver argument. Applying the waiver standards *642 promulgated by the Texas Supreme Court, I agree.
A. Standard of Review of Order Granting Motion to Compel Arbitration
The majority has set out at length the high standard for obtaining reversal of an order granting arbitration. Essentially, when both the Federal Arbitration Act (FAA) and the Texas General Arbitration Act (TGAA) apply to an arbitration clause, as here, Texas courts must align the availability of appellate review under Texas procedure as consistently as possible with availability of appellate review under federal procedure. In re Poly-America, L.P. , 262 S.W.3d 337, 345 (Tex. 2008) (orig. proceeding). "Although mandamus review is generally available in federal courts to review non-appealable interlocutory rulings, mandamus is granted only in exceptional cases." Id.
However, despite the strong federal and state barriers to mandamus review of an order granting arbitration, "[e]ven when an order is not reviewable by interlocutory appeal, that does not always preclude review by mandamus." In re Gulf Expl., LLC , 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding). "To be entitled to mandamus, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." Id. (internal quotation omitted). "There is no definitive list of when an appeal will be 'adequate,' as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." Id. ; see also In re McAllen Med. Ctr., Inc. , 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review."). "[S]tanding alone, delay and expense generally do not render a final appeal inadequate." In re Gulf Expl. , 289 S.W.3d at 842.
Mandamus " 'may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments.' " In re Gulf Expl. , 289 S.W.3d at 843 (quoting In re Prudential Ins. Co. , 148 S.W.3d 124, 136 (Tex. 2004) ).
B. Waiver of Arbitration by Substantial Litigation Conduct
Here, the issue is waiver of arbitration by substantial litigation conduct. This is precisely the kind of important procedural right the Texas Supreme Court held in In re Gulf Exploration and in In re Prudential that mandamus "may be essential to preserve ... from impairment or loss" and may "allow the appellate courts to give needed and helpful direction to the law" that would elude analysis on appeal from a final judgment. See ids="9146465" index="81" url="https://cite.case.law/sw3d/148/124/">id. ; In re Prudential Ins. Co. , 148 S.W.3d at 136.
The issue of waiver of arbitration by substantial litigation conduct is an issue for the courts rather than the arbitrators. Perry Homes v. Cull , 258 S.W.3d 580, 598 (Tex. 2008). "[A] party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice." Id. at 589-90. "[T]his hurdle is a high one" because of the strong presumption against waiver of arbitration. Id. at 590. However, " 'allowing a party to conduct full discovery, file motions going to the merits, and seek arbitration on the eve of trial' would be sufficient" to constitute waiver. Id. (quoting In re Vesta Ins. Group, Inc. , 192 S.W.3d 759, 764 (Tex. 2006) ). Arbitration can be waived if the parties have agreed to resolve a dispute in court; and "[s]uch waiver can be implied *643 from a party's conduct, although that conduct must be unequivocal." Id. at 593.
To establish implied waiver of the right to arbitrate by substantial invocation of the judicial process, "the [non-movant] ha[s] the burden to prove that (1) [the party moving for arbitration] substantially invoked the judicial process in a manner inconsistent with its claimed right to compel arbitration, and (2) the [non-movant] suffered actual prejudice as a result of the inconsistent conduct." Henry v. Cash Biz, LP , 551 S.W.3d 111, No. 16-0854, 2018 WL 1022838, *4 (Tex. Feb. 23, 2018) (citing G.T. Leach Builders, LLC v. Sapphire V.P., L.P. , 458 S.W.3d 502, 511-12 (Tex. 2015), and Perry Homes , 258 S.W.3d at 589-90 ).
How much invocation of the litigation process is "substantial" depends on the context and is similar to estoppel. Perry Homes , 258 S.W.3d at 593. For instance, "[a] party who enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils." Id. However, "[e]ven substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." Id. (quoting In re Bruce Terminix Co. , 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding) ).
C. The Totality of the Circumstances Test for Waiver by Substantial Litigation Conduct
Waiver of the right to compel arbitration by litigation conduct must be decided on a case-by-case basis under a totality-of-the-circumstances test established by the Texas Supreme Court in Perry Homes and recently reiterated in Henry. See id. at 591. The relevant factors established in Perry Homes include:
• when the movant knew of the arbitration clause;
• how much discovery has been conducted;
• who initiated it;
• whether it related to the merits rather than arbitrability or standing;
• how much of it would be useful in arbitration; and
• whether the movant sought judgment on the merits.
Id. at 591-92. The supreme court has recently reaffirmed this test in Henry , stating:
Here, the factors generally examined to determine waiver-how much discovery has been conducted, who initiated it, and whether it relates to the merits; how much time and expense has been incurred in litigation; and the proximity in time between a trial setting and the filing of the motion seeking arbitration-may serve as guideposts.
551 S.W.3d at 117, 2018 WL 1022838, at *4.
Under Perry Homes and Henry, the courts will defer to the trial court's factual findings if they are supported by the evidence, but where there is "no factual dispute ... regarding whether the [movant] initially opposed arbitration, whether they conducted extensive merits discovery, or whether they sought arbitration late in the litigation process," and where the only remaining question is the legal question of whether the movant's conduct prejudiced the non-movant, the appellate courts may decide the issue of waiver as a matter of law. Perry Homes , 258 S.W.3d at 598.
To determine whether a party has substantially invoked the judicial process, "courts consider a wide variety of factors and look to the specifics of each case." Henry , 551 S.W.3d at 116, 2018 WL 1022838, at *4 ;
*644 G.T. Leach Builders, LLC , 458 S.W.3d at 512. "The necessary conduct must go beyond merely filing suit or seeking initial discovery." Henry , 551 S.W.3d at 116, 2018 WL 1022838, at *4 (citing Perry Homes , 258 S.W.3d at 590 ). The courts will find waiver only in "the most unequivocal of circumstances." Id. (citing Perry Homes , 258 S.W.3d at 595-96 ).
The court in Henry cited Perry Homes as a case that was illustrative of unequivocal waiver, noting that "the plaintiffs waived the right to arbitrate by participating in extensive discovery including hundreds of requests for production and interrogatories, then requesting arbitration fourteen months after filing suit and only four days prior to the scheduled trial date." Id. The court contrasted the substantial invocation of the judicial process by the plaintiffs in Perry Homes with the much lesser participation by plaintiffs in other cases in which arbitration was subsequently granted. Id. (citing G.T. Leach Builders, LLC , 458 S.W.3d at 512 (holding plaintiffs did not waive arbitration by asserting counterclaims; seeking change of venue; filing motions to designate responsible third parties, for continuance, and to quash depositions; designating experts; and waiting six months to move for arbitration), In re Fleetwood Homes of Tex., L.P. , 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding) (holding party did not waive arbitration by noticing deposition, serving written discovery, and waiting eight months to move for arbitration), and In re Bruce Terminix Co. , 988 S.W.2d at 703-04 (holding arbitration was not waived by sending eighteen interrogatories and nineteen requests for production and waiting six months to seek arbitration) ).
In Perry Homes , the plaintiffs initially opposed arbitration, complaining at length about the incompetence, bias, and unfairness of arbitration, and they asked the court to deny Perry Homes' motion to compel arbitration. 258 S.W.3d at 595-96. They then noticed six designees for deposition on nine issues with an attachment requesting sixty-seven categories of documents and noticed the depositions of three of Perry Homes' experts, requesting twenty-four categories of documents. Id. The Texas Supreme Court concluded, "There is simply no question on this record that [the plaintiffs] conducted extensive discovery about every aspect of the merits." Id. at 596. After having initially opposed arbitration, the plaintiffs moved for arbitration fourteen months after filing suit and shortly before the trial setting, which the supreme court found to be "very late in the trial process" and after most of the discovery had been completed. Id. The court also concluded that it was "also unquestionably true that this conduct prejudiced [the non-movant defendant, Perry Homes]." Id. at 597.
The supreme court concluded, "Such manipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law." Id. After finding prejudice to Perry Homes, the supreme court reversed the court of appeals' judgment, vacated the $800,000 award the plaintiffs had obtained in arbitration, and remanded the case to the trial court "for a prompt trial." Id. at 585, 601.
D. Application of the Perry Homes Factors to Order Compelling Arbitration in This Case
The abusive manipulation of the proceedings in this case by Martinez Partners is virtually identical to that in Perry Homes , and the prejudice to Vantage is just as great as the prejudice to the non-movant in Perry Homes under the relevant factors:
*645 • There is no question that Martinez Partners knew of the arbitration clauses in both its and Vantage's engagement agreements;
• Martinez Partners itself filed the litigation;
• The parties litigated for eleven months, including extensive document discovery into the lawsuit's merits;
• Martinez Partners amended its pleadings twice, propounded extensive written discovery, and pursued numerous motions to compel additional discovery;
• It also added an individual defendant and then nonsuited that defendant in response to a motion to dismiss and sought discovery on that motion;
• It sought sanctions against Vantage's counsel in connection with the dismissed claim;
• It served ten sets of merits-based written discovery on each of the three defendants; and it attempted to avoid providing reciprocal discovery in response to Vantage's requests by disclaiming any obligation to search its principal's email account for communications responsive to Vantage's requests for production, rejected Vantage's request to make him available to be deposed, and only produced communications responsive to Vantage's requests after an oral ruling from the court;
• Martinez Partners filed a motion to compel arbitration under both Texas and federal arbitration statutes only after the trial court expressed doubt about its legal position at a hearing on its second motion to compel when the key issue in the case arose: whether Texas law provides an offset to Martinez Partners' claims for unpaid invoices based on what Vantage claims was the undisputed and undisclosed mark-up of almost half a million dollars that Martinez Partners applied to third-party charges invoiced to Vantage;
• Martinez Partners moved for arbitration only after summary judgment had been filed against it; and
• Even after the trial court heard preliminary argument on arbitration, Martinez Partners served yet another set of production requests on Vantage, with all of its previous requests for document production and motions to compel.
See Perry Homes , 258 S.W.3d at 595-96.
Martinez Partners' litigation conduct satisfies every one of the factors set out by the Texas Supreme Court in Perry Homes for courts to consider in determining whether a party has waived arbitration and is at least as egregious, if not more egregious, than the litigation conduct found by the supreme court in Perry Homes to constitute waiver of arbitration. See ids="8178370" index="120" url="https://cite.case.law/sw3d/258/580/">id. at 591-92. Thus, I would conclude that Vantage Drilling established an abuse of discretion by the trial court.
E. Lack of Adequate Remedy by Appeal
I would likewise hold that the prejudice to Vantage under the circumstances here cannot be remedied on appeal. Whether an appellate remedy is adequate is a practical, prudential determination based on a balancing of public and private interests. See In re Prudential , 148 S.W.3d at 136. The Texas Supreme Court has held:
Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that *646 would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.
Id. Here, these factors favor granting mandamus relief.
Any appeal of an eventual arbitration award would be clearly inadequate to compensate Vantage for Martinez Partners' litigation conduct adverse to the right to compel arbitration. Martinez Partners has effectively bought itself a new forum in which it has all the advantages of the vast amount of abusive discovery it obtained from Vantage, as well as the advantage of its own resistance to discovery, and the new forum's lack of familiarity with the circumstances that led the trial court to express skepticism as to Martinez Partners' case and Vantage to file summary judgment against it. I would conclude that this an "exceptional case" in which mandamus relief is "essential to preserve important substantive and procedural rights from impairment or loss[.]" See ids="9146465" index="123" url="https://cite.case.law/sw3d/148/124/">id.
Regarding the considerations of wasted time and money, I further observe that, in this case, there is no rapid, inexpensive alternative to traditional litigation. And all of the conditions for granting mandamus from an order compelling arbitration established in Perry Homes are met. There is "no factual dispute ... regarding whether [Martinez Partners] initially opposed arbitration, whether [it] conducted extensive merits discovery, or whether [it] sought arbitration late in the litigation process." See Perry Homes , 258 S.W.3d at 598. Despite an arbitration clause in its agreement with Vantage, Martinez Partners brought this litigation, conducted extensive merits discovery for almost a year, engaged vigorously in the litigation process at great expense to Vantage, and, only when the trial court questioned its ability to prevail at trial and summary judgment had been filed, moved for arbitration while continuing to litigate and to seek additional discovery up to the date its motion to compel arbitration was granted. See ids="8178370" index="125" url="https://cite.case.law/sw3d/258/580/">id. ; see also In re Prudential , 148 S.W.3d at 136 (holding that mandamus relief may be essential to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings").
The only question remaining to determine the adequacy of Vantage's remedy by appeal is whether Martinez Partners' conduct prejudiced Vantage. See ids="9146465" index="127" url="https://cite.case.law/sw3d/148/124/">id. And the clear answer to that question under In re Prudential is "yes," in that the loss of the important procedural right to waiver of arbitration under circumstances such as those present in this case "radically skew[s] the procedural dynamics of the case" and causes "the irreversible waste of judicial and public resources." See 148 S.W.3d at 136-37.
Vantage's loss of the entire benefit of Martinez Partners' unequivocal waiver of the right to arbitrate by the trial court's order compelling arbitration requires the conclusion that the trial court clearly abused its discretion and that Vantage has no adequate remedy by appeal.
Conclusion
I would conditionally grant the petition for mandamus.

258 S.W.3d 580 (Tex. 2008).

551 S.W.3d 111, No. 16-0854, 2018 WL 1022838 (Tex. Feb. 23, 2018).