**Reversed and Rendered in Part and Remanded, and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00649-CV

---

## GROUND FORCE CONSTRUCTION, LLC, GROUND FORCE MANAGEMENT, INC., AND GROUND FORCE HOLDINGS, LP, Appellants

### V.

## COASTLINE HOMES, LLC, Appellee

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CV-1849**

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal from the order denying their motion to compel arbitration, appellants Ground Force Construction, LLC, Ground Force Management, Inc., and Ground Force Holdings, LP (jointly referred to as Ground Force) contend in a single issue that the trial court abused its discretion in denying the motion because appellee Coastline Homes, LLC (Coastline) failed to establish

waiver of the right to arbitrate by substantially engaging in litigation. We conclude Coastline failed to establish waiver as a matter of law. Accordingly, we reverse the order, render judgment ordering arbitration of the underlying dispute, and remand this case to the trial court for further proceedings consistent with this opinion, including the grant of an appropriate stay.

## BACKGROUND

Ground Force is in the business of fabricating and selling modular homes. Pursuant to a contract containing a mandatory arbitration provision, Ground Force sold several modular homes to a third party, Barefoot Construction, LLC (Barefoot). Barefoot subsequently assigned the contract to Coastline. Barefoot sued Ground Force alleging multiple claims, and the trial court ordered the parties to arbitration pursuant to the contract. The arbitration panel ruled, in part, that Barefoot lacked standing to pursue a claim for breach of contract based on its assignment of the contract to Coastline.

Coastline then brought the underlying suit for damages in August 2012, alleging construction defects in the modular homes supplied by Ground Force. On March 21, 2013, Ground Force moved for summary judgment alleging res judicata based on the previous arbitration and also seeking to have the contract declared void for illegality.[1] The motion also included an alternative demand for arbitration. On May 31, 2013, the trial court denied the motion for summary judgment. On June 6, 2013, Ground Force moved to compel arbitration under the Texas Arbitration Act (TAA), based on the arbitration clause contained in the contract

---

[1] This interlocutory appeal is limited to review of the ruling on the motion to compel arbitration, and we do not address Ground Force's defense of illegality of contract. We note that it is for an arbitrator, not a court, to decide a challenge to the validity of the contract as a whole, as opposed to a challenge to the arbitration clause specifically. *See In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 898 (Tex. 2010) (orig. proceeding); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 649 (Tex. 2009) (orig. proceeding).

between Barefoot and Ground Force. Coastline responded with a written objection that Ground Force had waived its right to arbitrate by substantially engaging in litigation. A hearing was conducted on July 5, 2013. At the hearing, Coastline argued only that Ground Force waived the right to arbitrate. The trial court denied the motion to compel arbitration on July 5, 2013. Ground Force filed a notice of interlocutory appeal on July 24, 2013. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1).

## JURISDICTION

Before reaching the merits of Ground Force's argument, we must address Coastline's contention that we lack jurisdiction to consider this appeal because Ground Force's notice of appeal was late. Coastline argues that the trial court actually denied arbitration in its May 31 order denying the motion for summary judgment. Coastline further contends the June 6 motion to compel arbitration was effectively a motion to reconsider the denial of arbitration. Coastline asserts that Ground Force's notice of appeal filed July 24 is untimely to appeal the May 31 order because a motion to reconsider does not extend the appellate timetable for interlocutory appeals. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (holding deadline for filing notice of appeal in accelerated appeal is twenty days after order is signed and filing motion for new trial, motion to modify judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline); *see also* Tex. R. App. P. 26.1(b) (stating notice of appeal in accelerated appeal "must be filed within 20 days after the judgment or order is signed"). Coastline also asserts that a ruling on a motion to reconsider is not an appealable interlocutory order. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding order on motion to reconsider denial of special appearance is not independently appealable).

Ground Force responds that we have jurisdiction over this appeal. Ground Force argues that the trial court did not rule on its arbitration demand until the trial court signed an order on July 5 denying Ground Force's motion to compel arbitration. Ground Force asserts its notice of appeal, filed within 20 days of July 5, is therefore timely.

Interlocutory orders may be appealed only if permitted by statute and only to the extent jurisdiction is conferred by statute. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011).

Section 171.098(a) of the Civil Practice and Remedies Code, which grants the courts of appeals jurisdiction over appeals of certain interlocutory orders in arbitration proceedings, provides:

> (a) A party may appeal a judgment or decree entered under this chapter or an order:
>
> (1) denying an application to compel arbitration made under Section 171.021;
>
> (2) granting an application to stay arbitration made under Section 171.023;
>
> (3) confirming or denying confirmation of an award;
>
> (4) modifying or correcting an award; or
>
> (5) vacating an award without directing a rehearing.

Tex. Civ. Prac. & Rem. Code § 171.098(a).

Section 171.098(a)(1) requires, as a predicate to our interlocutory appellate jurisdiction, the filing of "an application to compel arbitration made under Section 171.021" and an order denying that application. Tex. Civ. Prac. & Rem. Code §

4

171.098. To prevail under Section 171.021, such a motion must show that an agreement to arbitrate exists and applies to the parties' dispute, and that the opposing party has refused to arbitrate. Tex. Civ. Prac. & Rem. Code § 171.021(a). Section 171.021 similarly requires an "application of a party" for the court to order arbitration. *Id*.

In *Atlas Gulf-Coast, Inc. v. Stanford*, 299 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2009, no pet.), we held section 171.098(a)(1) of the TAA, permitting an interlocutory appeal from the denial of arbitration, requires that the appellant must have first filed a motion to compel arbitration. *Id.* at 359. No such motion was filed in *Atlas Gulf-Coast.* Instead, the trial court had signed an order setting aside an earlier agreed order to arbitrate. This Court dismissed an attempted interlocutory appeal of the set-aside order, reasoning that "allow[ing] interlocutory jurisdiction over any decision that had the effect of stopping arbitration . . . is clearly broader than the statute's mandate . . . ." *Id*.; *see also Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 515–16 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (finding no interlocutory jurisdiction over order refusing to stay litigation until arbitration was complete because the order did not deny a motion or application to compel arbitration). Strictly construing section 171.098, we conclude that before a party may appeal an interlocutory order denying arbitration, the party must first have filed an application or motion to compel arbitration.

In its argument that the trial court actually denied arbitration in the May 31 summary judgment order, Coastline asserts that the trial court's summary judgment order is ambiguous because it did not expressly rule on the alternative arbitration request. *See Palermo v. McCorkle,* 838 S.W.2d 887, 890 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (construing order granting new trial); *Harper*

*v. Welchem, Inc.,* 799 S.W.2d 492, 495 (Tex. App.—Houston [14th Dist.] 1990, no writ) (construing order on alternative motion for summary judgment, dismissal, or abatement). The order did not address arbitration or contain a Mother Hubbard clause or other statement denying all relief.[2] The order, in its entirety, stated, "Defendant's Motion for Summary Judgment is Denied."

Coastline argues that we should interpret this ambiguous order in light of the motion and conclude the court also denied arbitration when it denied Ground Force's motion for summary judgment. *See Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 405–06 (Tex. 1971) (construing dismissal order); *see also Lal v. Harris Meth. Fort Worth,* 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.) (considering the record in construing a scheduling order). But the motion argued that "should this Court find that a fact issue exists which precludes summary judgment . . . , this Court should ORDER the parties to arbitration" as it had in the previous case in which Barefoot sued Ground Force. In light of this language, the trial court's denial of summary judgment does not suggest that it ruled on the alternative request for arbitration.

Given the rule that we strictly construe statutes authorizing interlocutory appeals, as well as the specific cases cited above that interpret the statutory requirements for an interlocutory appeal in the arbitration context, we decline to interpret an order denying summary judgment that does not mention arbitration to meet those requirements. Rather, we hold there must be an order denying a motion to compel arbitration before an interlocutory appeal is permitted, and it is insufficient for an order to merely have the effect of denying arbitration. *See Atlas Gulf-Coast,* 299 S.W.3d at 359–60. Ground Force could not bring an interlocutory

---

[2] A "Mother Hubbard" clause typically recites, "All other relief not specifically granted is denied." *See, e.g., Harris Cnty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001).

appeal until after the trial court signed an order denying its motion to compel arbitration on July 5, 19 days before Ground Force's notice of appeal was filed. Ground Force's notice of appeal is therefore timely. *See* Tex. R. App. P. 26.1(b) (requiring notice of accelerated appeal to be filed within 20 days after the interlocutory order is signed). Accordingly, we have jurisdiction over this appeal.

## ANALYSIS

In its sole issue, Ground Force asks whether the trial court erred in denying its motion to compel arbitration based on the written arbitration agreement when Coastline failed to present any evidence to support its defense of waiver.

Ground Force executed a contract with Barefoot for the sale of several modular homes. Barefoot subsequently assigned that contract to Coastline. With its motion to compel arbitration, Ground Force provided a copy of the contract, which states that binding arbitration is the sole remedy for any dispute arising under the contract after the date of the agreement.[3] *See* Tex. Civ. Prac. & Rem. Code §§ 171.001(a)(2), 171.021(a). Coastline does not dispute the existence of the arbitration agreement in the contract between Barefoot and Ground Force, nor does Coastline question that this dispute falls within the scope of the agreement. Coastline also does not dispute that the arbitration clause applies to it as an assignee of the contract. *See Cotton Commercial USA, Inc. v. Clear Creek I.S.D.,*

---

[3] The contract contains the following provision:

**<u>ARBITRATION</u>**

5. Any disputes, which may arise between Builder and GroundForce Construction, LLC arising under this or any other policy or procedure of GroundForce Construction, LLC, or related to its breach, or any liability to a third party arising from a Product, shall be finally resolved by arbitration. The decision of the arbitrator shall be final and binding and shall constitute the exclusive remedy for damages for any alleged breach of this Agreement. Judgment upon the award rendered by the arbitrator may be entered in any state or federal court of competent jurisdiction.

387 S.W. 3d 99, 104, n.4 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting non-signatory who sues based upon a contract is bound by that contract's arbitration provisions, citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755–56 (Tex. 2001) (orig. proceeding)). Thus, the only issue before us is whether Ground Force waived its right to compel arbitration.

## I.    Applicable law and standard of review

Once the arbitration movant establishes a valid arbitration agreement that encompasses the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753–54. The trial court conducts a summary proceeding to make the gateway determination of arbitrability. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding). When reviewing a denial of a motion to compel arbitration, if the court's factual findings are in dispute, we review the court's denial of the motion to compel under a legal sufficiency or "no evidence" standard of review. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. We defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643.

A party waives a right to arbitration by substantially invoking the judicial process to the other party's detriment or prejudice. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Prejudice within the context of waiver of an arbitration clause relates to the inherent unfairness resulting from a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage. *Id.* at 597. Thus, prejudice can be shown by delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate

an issue and later seeks to arbitrate that same issue. *Id.*

Because public policy favors arbitration, there is a strong presumption against waiver of the right to arbitrate. *In re Bruce Terminix Co.,* 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding). Due to this strong presumption against waiver, the burden to establish prejudice is a heavy one. *See Perry Homes,* 258 S.W.3d at 590. Whether a party has waived arbitration by litigation conduct is a question of law, which we review de novo. *Id.* at 598. The standard for determining waiver of the right to arbitration is the same under both the Texas General Arbitration Act and the Federal Arbitration Act. *Sedillo v. Campbell*, 5 S.W.3d 824, 826 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (appeal and orig. proceeding).

Waiver of arbitration must be decided on a case-by-case basis, based upon an examination of the totality of the circumstances. *Perry Homes,* 258 S.W.3d at 591. In making this determination, courts consider a wide variety of factors, including:

- whether the party who pursued arbitration was the plaintiff or the defendant;
- how long the party who pursued arbitration delayed before seeking arbitration;
- when the party who pursued arbitration learned of the arbitration clause's existence;
- how much the pretrial activity related to the merits rather than arbitrability or jurisdiction;
- how much time and expense has been incurred in litigation;
- whether the party who pursued arbitration sought or opposed arbitration earlier in the case;
- whether the party who pursued arbitration filed affirmative claims or dispositive motions;
- how much discovery has been conducted and who initiated the discovery;

- whether the discovery sought would be useful in arbitration;
- what discovery would be unavailable in arbitration;
- whether activity in court would be duplicated in arbitration;
- when the case was to be tried; and
- whether the party who pursued arbitration sought judgment on the merits.

*Baty v. Bowen*, 423 S.W.3d 427, 433 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Perry Homes*, 258 S.W.3d at 591–92).

## II. The trial court abused its discretion when it denied Ground Force's motion to compel arbitration without proof of prejudice.

In its response in opposition to Ground Force's motion to compel arbitration, Coastline alleged that Ground Force substantially invoked the litigation process to Coastline's detriment by filing a counterclaim and moving for summary judgment on the merits of the case. Coastline also alleged that Ground Force's delay in requesting arbitration results in waiver.

To establish that Ground Force's conduct resulted in a waiver of the right to arbitrate, Coastline bore the heavy burden to establish that this conduct both (1) substantially invoked the judicial process in a manner inconsistent with an intent to rely on the arbitration provision, and (2) was prejudicial to Coastline. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding) (per curiam) (explaining that waiver will not be found unless both elements of the test are met).

Coastline asserts that a party who files pleadings for affirmative relief and then moves for summary judgment on the merits has substantially invoked the judicial process. Coastline argues Ground Force sought a "complete victory" on its defenses of res judicata, standing, and illegality of contract, while alternatively requesting arbitration. Coastline asserts Ground Force is "gaming" the system and

10

seeking a "second bite at the apple," comparing this case to the inherent unfairness cited in *Perry Homes,* 258 S.W.3d at 597. Coastline recognizes, however, that *Perry Homes* requires a totality-of-the-circumstances test to determine waiver. *See* 258 S.W.3d at 591.

To support its contention that Ground Force's motion for summary judgment waived its right to arbitrate, Coastline cites *In re Bruce Terminix Co., 988 S.W.2d 702 (Tex. 1998).* The supreme court found no waiver in *Bruce Terminix,* noting "this is not a case in which a party who has tried and failed to obtain a satisfactory result in court then turns to arbitration." *Id.* at 704. A motion for summary judgment was not at issue in *Bruce Terminix*. The court refused to infer prejudice where only minimal discovery had been conducted. *Id.* at 705–06. *Bruce Terminix* thus does not support Coastline's assertion that moving for summary judgment on the merits waives the right to arbitrate.

Ground Force responds that this case is similar to *In re Vesta Insurance Group, Inc.,* 192 S.W.3d 759 (Tex. 2006), in which the supreme court granted mandamus relief to enforce an arbitration agreement, holding the arbitration opponent had not overcome the strong presumption against waiver. *Id.* at 764. The court rejected waiver because the defendants' dispositive motion was based on lack of standing rather than on the merits. *Id.* Thus, to weigh in favor of waiver, a dispositive motion must go to the merits of the case. *See In re Citigroup Global Mkts., Inc.,* 258 S.W.3d 623, 625 (Tex. 2008) ("Parties that 'conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial' waive any contractual right to arbitration.") (quoting *In re Vesta Ins. Group,* 192 S.W.3d at 764); *In re Bison Bldg. Materials, Ltd.,* Nos. 01-07-00003-CV, 01-07-00029-CV, 2008 WL 2548568, at *15 (Tex. App.—Houston [1st Dist.] Jun. 26, 2008, no pet.) (mem. op.) (appeal and orig. proceeding) ("The type of dispositive

11

motion contemplated by the *Perry Homes* factors is a motion that seeks judgment on the merits.").

Here, Ground Force's motion for summary judgment was based on the defensive theories of res judicata in a previous arbitration and illegality of contract; Ground Force did not seek summary judgment on the merits of Coastline's contract claims. Moreover, Ground Force's filing of a motion for summary judgment on a defensive theory is insufficient, standing alone, to establish waiver. *See In re Bison Bldg. Materials, Ltd.*, 2008 WL 2548568, at *15 (recognizing that seeking relief in a dispositive motion is merely one factor in waiver analysis and holding summary judgment motion on a defensive theory did not establish waiver).

In any event, "substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." *In re Bruce Terminix*, 988 S.W.2d at 704. Ground Force contends Coastline failed to support the prejudice element of its waiver defense with any evidence. *See In re Vesta Ins. Group, Inc*., 192 S.W.3d at 763 (holding arbitration opponent failed to provide proof of prejudice to overcome strong presumption against waiver); *Williams Indus. v. Earth Dev. Sys. Corp.,* 110 S.W.3d 131, 141 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding trial court erred in denying arbitration where opponent failed to carry evidentiary burden to show prejudice).

Actual prejudice in the context of waiver of arbitration by litigation conduct can be shown by damage to a party's legal position or by the opponent's incurring costs and fees due to the movant's actions or delay. *Williams Indus.,* 110 S.W.3d at 135. Damage to a party's legal position can occur when the movant obtains access to information through litigation that is not discoverable in arbitration. *See id.* Thus, to establish prejudice, Coastline, as the arbitration opponent, was required to show how Ground Force's delay, the fees and costs Coastline incurred,

the volume of discovery, or the information that Ground Force obtained in discovery had prejudiced it. *See id.* at 139. Coastline failed to do so.

The hearing on the motion to compel arbitration consisted only of argument of counsel. Coastline provided no evidence regarding the volume of discovery or how discovery had prejudiced it. *See In re Vesta Ins. Group*, 192 S.W.3d at 763 (rejecting waiver because no prejudice from allegedly "extensive discovery" was shown where the party opposing arbitration failed to present evidence detailing the discovery conducted). Our record contains no copies of discovery requests or responses, and they were not introduced into evidence at the hearing. Knowing the amount and content of discovery is important in determining prejudice because "when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice." *In re Bruce Terminix*, 988 S.W.2d at 704. The record contains only Coastline's designation of experts filed June 2, 2013, naming its attorney and one engineer. The motion to compel arbitration was filed four days later. At the hearing on the motion to compel arbitration, Coastline's counsel conceded no depositions had yet been taken.

Nor is there evidence to establish that anything revealed in discovery would not have been produced in arbitration. In addition, Coastline did not produce evidence of its attorney's fees or other expenses, much less explain what portion of these expenses were attributable to Ground Force's actions or were for matters that could not be used in arbitration. *See Associated Glass, Ltd. v. Eye Ten Oaks Invs., Ltd.*, 147 S.W.3d 507, 514 (Tex. App.—San Antonio 2004, no pet.) (appeal and orig. proceeding) (finding prejudice was not shown where party urging waiver of arbitration did not submit evidence of increased expense).

Coastline contends Ground Force's delay from the time suit was filed on

August 23, 2012, until it moved to compel arbitration on June 6, 2013, results in waiver. Delay alone is insufficient to establish waiver, however. *See In re Vesta Ins. Group,* 192 S.W.3d at 763 (finding no waiver despite litigating for two years where arbitration opponent did not establish prejudice).

As support for its argument that Ground Force waited too long to move for arbitration, Coastline cites *Perry Homes,* in which arbitration was ordered four days before the case was set for trial, resulting in the court's statement that "[t]he rule that one cannot wait until the 'eve of trial' to request arbitration is not limited to the evening before trial; it is a rule of proportion that is implicated here." 258 S.W.3d at 596. In this case, according to the trial court's docket control order, trial was scheduled to commence the week of November 4, 2013, almost five months after Ground Force moved to compel arbitration. Ground Force did not wait until the eve of trial to request arbitration.

*Perry Homes* is the only case in which the supreme court has held that a party waived arbitration by litigation conduct. 258 S.W.3d at 592. In holding that Perry Homes established the prejudice element of waiver, the court relied on the record before the trial court that showed that the plaintiffs: objected to arbitration initially, then after 14 months of litigation changed their mind and moved to compel arbitration; obtained extensive discovery on all aspects of the case under one set of rules, then sought to arbitrate the case under another; delayed disposition by switching to arbitration when trial was imminent; had the court order discovery, and then limited their opponents' rights to appellate review. *Id.* "Such manipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law." *Id*.

The prejudice shown in *Perry Homes* is not established here. There is no

14

evidence of extensive discovery in this case. Ground Force did not initially object to arbitration; it asserted its arbitration right in its motion for summary judgment, demonstrating its intent not to waive the right. There is no showing that Ground Force obtained access to information that it could not obtain in arbitration. The delay in this case is much less significant than in *Perry Homes*; Ground Force moved for arbitration slightly more than nine months after suit was filed, and almost five months before the trial setting. More importantly, in contrast to *Perry Homes,* there is little evidence of litigation conduct during the period of delay. *See, e.g., Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991) (finding no waiver despite 13-month delay where only minimal discovery had been conducted); *see also In re Bison Bldg. Materials, Ltd*., 2008 WL 2548568, at *14 (finding no waiver where motion to compel arbitration was filed seven months after suit was filed and four months before trial setting where discovery was limited and no prejudice was shown).

At the hearing on the motion to compel arbitration, Coastline's counsel argued generally that "these are houses that my clients have spent money on to get fixed that they want to have resolved this year." He argued the sale of the houses went back to 2009 and 2010, and stated that "if we go to arbitration, it's going to go into 2014 and cost Ground Force and my clients tons and tons of money." These general statements were not supported with evidence. *See Williams Indus*., 110 S.W.3d at 139 (stating payment of arbitration fees alone cannot constitute prejudice absent a showing, for example, that what the arbitration opponent had already expended in the suit equaled or exceeded arbitration fees). There is no showing that Coastline has been damaged by the delay in seeking arbitration.

This court has also rarely found waiver of arbitration by litigation conduct, but we recently did so in a case involving "unique facts." *See RSL Funding, LLC*

15

*v. Pippins*, 424 S.W.3d 674, 685 (Tex. App.—Houston [14th Dist.] 2014, no. pet.). In *RSL Funding,* prejudice was shown because during the period of delay, in addition to the time and expense in filing pleadings that would have been unnecessary had RSL moved for arbitration initially, the individual parties had not received either their promised lump sum payments from RSL or their monthly annuity payments from other parties, and they claimed severe financial distress as a result. *Id.* at 686. There has been no evidence of financial hardship in this case.

Thus, even if Ground Force had substantially invoked the judicial process, Coastline did not carry its heavy burden to show that it was prejudiced by those actions. Coastline has not overcome the strong presumption in favor of arbitration by establishing the prejudice required to show waiver. Therefore, we hold that as a matter of law, Ground Force did not waive its right to arbitration. We sustain Ground Force's sole issue.

## CONCLUSION

We hold the trial court abused its discretion in denying Ground Force's motion to compel arbitration. Having sustained Ground Force's sole issue, we reverse the trial court's order denying the motion to compel arbitration, render judgment ordering arbitration of the underlying dispute, and remand this case to the trial court for further proceedings consistent with this opinion, including the grant of an appropriate stay. *See* Tex. Civ. Prac. & Rem. Code § 171.025(a).

/s/    J. Brett Busby
         Justice

Panel consists of Justices McCally, Busby, and Donovan.

16